CHERI L. McCRACKEN, Esq. SBN# 006111
705 E. Coronado Road
Phoenix, AZ  85006-2473
602-231-0595
602-231-0841 fax
cherimccracken@gmail.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John W. Chandler, | CV No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Megan J. Brennan, Postmaster General, USPS, | **(Jury Trial Requested)** |
| Defendant. | |

COMES NOW the undersigned, for Plaintiff John Chandler, and for his Complaint alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.  Plaintiff John Chandler, white male, age 51, is a resident of the State of Arizona, in the County of Maricopa County and was at all times complained of herein.

2.  Defendant Megan Brennan, Postmaster General of the United

1  States and is named in this action pursuant to 42 U.S.C. § 2000e-16(c).

2  3.  This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331, §1343, 28 U.S. Code § 1367, Americans with Disabilities Act of 1990, 42 USC §§ 12112 to 12117 as amended, FLSA, FMLA., ADEA and Title VII.

4.  A formal Complaint was filed on June 30, 2016. The administrative law Judge entered a decision February 14, 2020. The USPS entered a final Agency decision of February 20, 2020.

5.  Plaintiff has exhausted his administrative prerequisites to filing this Complaint.

**NATURE OF THIS ACTION**

6.  Plaintiff, John Chandler is a 51-year-old, white, male and has been with the USPS for 21 years, he has PTSD which has been known to USPS since at least April 23, 2012 when it was presented to the DRAC Committee.  He has a disability of PTSD, depression, and high anxiety.

7.  Plaintiff has been discriminated against on the basis of disability; gender; age; and retaliation for protected activity when proper procedures were not followed in his EEO matters, his requests for reasonable accommodation, there was no provision of reasonable accommodation, nor denial and no interactive process.

. . .

. . .

8. USPS knew this from at least April 23, 2012.

9. Plaintiff handled his need for time off through intermittent FMLA leave as approved by USPS.

10. He performed the essential functions of his position. Intermittent FMLA leave may be a reasonable accommodation but was not designated as such in Mr. Chandler's case.

11. USPS policy handles reasonable accommodations through the District Reasonable Accommodation Committee (herein after "DRAC"). Plaintiff's requests were never turned over to DRAC after 2013.

12. USPS has admitted that The Handbook EL- 307 Reasonable Accommodation in Interactive Process 2003 ("EL-307") was not the correct Handbook to use for Mr. Chandler's claims in 2016. It was, however, the one used by management. The EEO investigator, upon information and belief, switched policy to hinder the EEO process.

13. The supervisors, the USPS nurse in the medical unit did not send Mr. Chandler's request for reasonable accommodation to the DRAC committee in 2014, 2015 or 2016.

14. Upon information and belief in 2013 there has been a pattern and practice of USPS's increase in removals and forced retirements for disabled persons on light duty and limited duty compared to 2013 for older employees. See *McConnell v. USPS*, Request Nos. 0520180094 & 0520180095, Appeal Nos. 0720160006 & 0720160007.

3

15. Plaintiff alleges he was treated differently than other similarly situated employees who were not of his protected class.

16. On September 30, 2015, the Manager issued the Plaintiff a Letter of Warning (LOW). the Supervisor issued additional discipline when she issued a LOW in February, May, and June of 2015 to Mr. Chandler.

17. On December 16, 2013, the nurse opined Mr. Chandler had no disability in the ROI. On December 26, he was discriminated against when the DRAC Committee found no disability based on a total failure of due diligence, he had no disability in the Report of Investigation.

18. On or about September 30, 2015, the Plaintiff was discriminated against when he was disciplined inappropriately on previously rescinded discipline and given additional discipline before grievances were settled with regards to his request for leave and accommodations on 3/9/16, 3/10/16, 3/30/16, 3/31/16, 4/4/16, and four (4) requests on 6/24/16.

19. From mid-2012 on, Management did not enter into the interactive process of accommodation even though they were aware of the Plaintiff's PTSD and associated Stress/Anxiety disorder; and from the December 19, 2013 DRAC (District Reasonable Accommodation meeting forward the Agency did not clarify the Plaintiff's questions or concerns).

20. The Plaintiff was discriminated against when the USPS repeatedly failed to recognize previously intermittent leave and leave for a period of time as a reasonable accommodation; and also classified the disability as physical when

4

the Plaintiff had clearly told them it was mental. The DRAC chain had noted that Mr. Chandler might need reasonable accommodation when FMLA ran out. Leave is a reasonable accommodation.

21. On 6/24/13, 11/16/13, 12/19/13, 12/30/14, 2/27/15, 5/13/15, 3/2/16, 3/31/16, 4/4/16 and 4/27/16, Management did not follow policies or procedures when the Plaintiff requested a reasonable accommodation. EL-307.

22. On or around December 19, 2013 and continuing to his termination, Management failed to properly deny the Plaintiff's request for leave as a reasonable accommodation, depriving him a place to go with a verbal denial nor any appeal rights. USPS EL-307.

23. On or around December 30, 2014 and continuing, Management failed to enact and engage in the interactive reasonable accommodation process after the Plaintiff's doctor responded to a medical inquiry stating, "the only issue having to do with any type of accommodation would be the time he needed off work in order to get well from his issues" and again along the same lines on March 2, 2016. EL-307.

24. Plaintiff's medical file at USPS shows at least 58 records dealing with PTSD, depression, and high anxiety between 12/1/11 and 4/27/16. The USPS, nurse and others wrongfully refused to consider psychological or mental problems to be a disability failing to use due diligence, EL-307. The originally accepted claims referred to physical only.

25. Furthermore, it appears that USPS paid no attention to Plaintiff's psychologist or the various times that he "begged" (his words) for reasonable accommodation on at least: 6/24/13; 11/16/13; 12/19/13; 12/30/14; 2/27/15; 5/13/15; 3/2/16; 3/31/16; 4/4/16; and 4/27/16.

26. At least in December 2014, the NALC (National Association of Letter Carriers) Vice President passed the Plaintiff's unredacted private medical information on to the USPS supervisor. This was a regular practice. The supervisor had no right to this information and his receipt of it was discriminatory.

27. In 2016 the USPS EEO ADR Specialist failed to be in contact with Plaintiff, was not available for processing, did not adequately discuss or investigate, and closed the complaint even though Plaintiff gave her an extension. Plaintiff also wrote to the EEO ADR's Specialist's supervisor t no avail.

28. This shows a continuous pattern and practice, a continuing violation of not entering into the interactive process for reasonable accommodation with Plaintiff and thus denying him reasonable accommodation. It shows a deliberate ignorance of the policies and procedures that the USPS is obligated to use and enforce and violation of them.

29. Plaintiff was discriminated against when the USPS repeatedly failed to recognize previously intermittent FMLA leave and leave for a period of time is a reasonable accommodation. The Agency also classified the Disability as Physical when Plaintiff reported it was mental. The Agency declared Plaintiff "not disabled" and refused to enter into an interactive process as was required

6

although Dr. Hicks, Plaintiff's treating physician, on April 27, 2016 stated there are times where Plaintiff needs time off due to his disability.  Dr. Hick's letter stresses frustration as his previous notes have not been read.  This was not Dr. Hick's only letter. EL-307, the Rehabilitation Act and the ADAAA all require an interactive process.

30.     Plaintiff requested reasonable accommodations more than a dozen times from USPS. No one at USPS properly processed a request for a reasonable accommodation. USPS, its agents and employees of the Agency failed to follow policies or procedures for a reasonable accommodation requests, including but not limited to, 6/24/13; 11/16/13; 12/19/13; 12/30/14; 2/27/15; 5/13/15; 3/2/16; 3/31/16; 4/4/16; and 4/27/16. Thus, the Agency failed to even discuss reasonable accommodation.

31.     Plaintiff's PTSD was noted on the documentation 6/24/13; 11/16/13; 12/19/13; 5/13/15; 3/2/16; and 4/4/16.  However, Plaintiff was not sent to DRAC as was the ordinary procedure.  From mid-2012 USPS Management was aware of Plaintiff's PTSD and associated Stress/Anxiety Disorder, yet it did not enter into any interactive process of accommodation and from the December 19, 2013 DRAC meeting forward to today. The Agency failed in any due diligence to clarify any questions or concerns concerning Plaintiff's position or condition.

32.     Kathy Holsome-Benion (African American female) denied Plaintiff Union Representation when he went to the DRAC Committee on December 19, 2013. She told him that it could not be rescheduled, and he must attend.

33. A Fact Findings was issued on Plaintiff while he was incapacitated due to his disabilities, unable to attend both physically and telephonically on March 21, 2016. He asked for a postponement of the Fact Finding but that too was denied.

34. Kathy Holsome-Benion (African American female) incorrectly listed leave types taken on several occasions making Plaintiff appear as if he was on paid status, but he was actually on unpaid sick leave. Kathy Holsome-Benion also used Plaintiff's Annual leave when Sick Leave without Pay was requested. Kathy Holsome-Benion omitted a date on April 9, 2015 when Plaintiff was off on unpaid sick leave. Plaintiff was disciplined twice during one continuous absence. Upon information and belief, she did not take these actions with woman or African American employees, or non-disabled employees.

35. Kathy Holsome-Benion (African American female) declared him AWOL even though Plaintiff had provided medical documentation for his absence.

36. At each Fact-Finding Plaintiff was present for, Plaintiff informed Kathy Holsome-Benion and Union representation he had a medical condition or disability and verbally asked for reasonable accommodation. Ms. Holsome-Benion did not follow the guidelines in Publication 316 and Publication 317 as required. (ROI 00865-00877). She also failed to reference and used the incorrect version of the EL-307.

37. March 9, 2016 Kathy Holsome-Benion responded to the Plaintiff's March 2, 2016 request for reasonable accommodation, and April 4, 2016 Plaintiff handed Gene Christensen his 3971, requesting reasonable accommodation in writing and verbally told him as well. This is wrongly noted as the day of the response not of the request for reasonable accommodation in the USPS accepted claim.

38. Ms. Holsome-Benion spoke to him in a different tone and a different accent than she used with African Americans or Hispanics.

39. Plaintiff was discriminated against when the USPS repeatedly failed to recognize previously intermittent FMLA leave and leave for a period of time is a reasonable accommodation. The Agency also classified the Disability as Physical when it was not. By declaring Complainant "not disabled" and refusing to enter into an interactive process as was required Plaintiff was discriminated against, not given an interactive process and never given reasonable accommodation. The discipline given Mr. Chandler after requests for accommodation was retaliatory.

40. USPS insisted that Chandler meeting their assigned work schedule was an essential function of the position. USPs had previously and continually approved intermittent leave. Therefore, strict attending was not an essential function of the job.

. . .

. . .

. . .

9

**COUNT ONE
DISCRIMINATION BASED ON A
DISABILITY/FAILURE TO ACCOMMODATE/FAILURE TO ENTER
INTERACTIVE PROCESS/ADAAA/REHABILITATION ACT**

41.   Plaintiff hereby realleges each and every allegation set forth in Paragraphs 1 through 40 as if fully set forth herein, and further incorporates by reference each and every allegation set forth in all other paragraphs of this complaint.

42.   Plaintiff alleges he has been discriminated against and retaliated against as the USPS has had a continuing pattern and practice of never recognizing the disability and never entering into the interactive process for reasonable accommodation, and not giving reasonable accommodation. This has been a continuing violation.   The Agency admits this is so.

43.   On or around December 19, 2013 and continuing, Management (Lerene Wiley, HR, AZ DRAC Chairperson) failed to properly process Plaintiff's request for leave as a reasonable accommodation not even a denial, leaving him no place to go with a verbal denial nor any appeal rights. Appeal rights in a written denial are required under 29 C.F.R. § 1614, and EL-307.

44.   On or around December 30, 2014 and continuing, Management (Halina Gronowski RN, CCM USPS AZ/NM District Occupational Health Services Reasonable Accommodation Committee Member) failed to enact and engage in the reasonable accommodation process after Plaintiff's Doctor responded to her medical inquiry stating, "The only issue having to do with any type of

accommodation would be the time he needed off work in order to get well from his issues" and again on March 2, 2016. She had an obligation to do so as part of the DRAC and under EL-307.

45. Plaintiff was discriminated against when the nurse opined, he had no disability on 12/16/13 and on 1/28/16 when his manager falsely said no documentation had been provided. No new documentation was provided by Mr. Chandler; however, his medical file shows at least 58 medical records stating he had a mental disability of PTSD, depression, stress/anxiety disorder.

46. Plaintiff is an individual with a mental disability of PTSD, Stress-Anxiety Disorder, and other physical disabilities.

47. In 2012 he was referred to the DRAC Committee and was advised by his Union representative to participate but to refrain from asking for a Reasonable Accommodation if he was able to manage his disability within his approved FMLA, which he was at the time. USPS has a duty and obligation to enter into interactive process every time reasonable accommodation was requested by Mr. Chandler.

**COUNT TWO**
**GENDER DISCRIMINATION, RACE DISCRIMINATION**
**TITLE VII**

48. Plaintiff hereby realleges each and every allegation set forth in Paragraphs 1 through 47 as if fully set forth herein, and further incorporates by reference each and every allegation set forth in all other paragraphs of this complaint.

49. Mr. Chandler was discriminated against based on his gender and race in violation of Title VII, 29 C.F.R. § 1614 and MD-110. Employment at USPS is to be free of <u>any</u> age discrimination.

50. Mr. Chandler was treated differently than Ms. Holsome-Benion (African American, female) who on information and belief was similarly situated and received reasonable accommodation from USPS for her disability. Upon information and belief her situation was reviewed by the DRAC Committee on a timely and recurring basis.

51. Mr. Chandler never received an answer from the DRAC from December 2013 as his need for intermittent leave was handled by FMLA. Others similarly situated were referred to the DRAC Committee.

52. USPS had a duty to act on every request for reasonable accommodation.

**COUNT THREE**
**ADEA**

53. Plaintiff hereby realleges each and every allegation set forth in Paragraphs 1 through 52 as if fully set forth herein, and further incorporates by reference each and every allegation set forth in all other paragraphs of this complaint.

54. Mr. Chandler is and was over the age of 40 at all times relevant hereto.

55. Mr. Chandler had worked as a city carrier was in a top pay scale. Younger, less experienced persons were brought on to fulfill the same duties he had. These younger employees were favored by management.

56. This favoritism is in violation of the Age Discrimination in Employment Act.

57. The USPS is required to make all of its decisions free of any age discrimination. The decisions regarding Mr. Chandler were on the basis of age. Upon information and belief, other younger employees were granted leave, intermittent leave and without pay.

**DEMAND FOR JURY TRIAL**

Mr. Chandler hereby demands a trial by jury.

**RELIEF REQUESTED**

Based upon the foregoing, Plaintiff seeks judgment against Defendant USPS., for the following relief:

WHEREFORE Plaintiff John Chandler prays for judgment as follows:

    a.    back pay, front pay including the value of benefits, and reinstatement with back pay and benefits,

    b.    compensatory damages,

    c.    amounts allowed by law for emotional distress,

    d.    pre and post judgment interest,

    e.    costs and attorney fees,

  f.  such other relief both monetary and injunctive that the Court may find appropriate

  g.  Injunctive relief to direct USPS complies with the laws and its own procedures with monitoring.

RESPECTFULLY SUBMITTED this 13th day of May 2020.

            Cheri L. McCracken, Esq.

*[signature]*

            _____
            Cheri L. McCracken